IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL SETH MACIEL,

    Petitioner,                             No. CIV S-12-1023 GGH P

    vs.

WILLIAM KNIPP,                         <u>ORDER</u> &

    Respondent.                       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

       Petitioner has filed a petition challenging his 2009 conviction for murder in the first degree and attempted burglary with arming allegations found true as to both offenses. Petition, p. 3. Petitioner therein raises (primarily by way of an attached copy of his petition for review to the state Supreme Court) two grounds: 1) trial court's burglary, theft and felony murder jury instructions were erroneous; 2) (in the alternative), petitioner received ineffective assistance

1

of counsel with respect to the jury instructions. Id., at 4 & Addendum A.

Petitioner has also filed a motion for a stay and abeyance pending the exhaustion of grounds which he has not set forth. Petitioner therein declares that the instant petition contains only fully exhausted claims and specifically invokes the stay-and-abeyance procedure of an exhausted-claims-only petition, pursuant to Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003). Motion at docket # 2; see King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, supra). Petitioner expressly distinguishes his request from the procedure involved in a motion to stay a mixed petition, pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 1535 (2005), wherein the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.

Of course, under the Kelly procedure, petitioner would only be able to proceed on any newly exhausted claims in an amended federal petition upon state court exhaustion if those claims were determined to be timely, King, supra, 564 F.3d at 1140-41. Petitioner's unexhausted claims at this point are vague and inchoate. Petitioner states that he has discovered that his counsel was ineffective by not conveying petitioner's plea offer to the people's representative, i.e., the district attorney/prosecutor, in his case and by otherwise providing petitioner with incompetent legal advice during plea negotiations. See petitioner's declaration at docket # 2, pp. 3, 38; see also, docket # 3. Petitioner also declares that he has only recently discovered that his trial counsel was ineffective in failing to investigate and obtain available impeachment evidence with regard to his alleged accomplices who were witnesses for the prosecution and who received sentencing consideration for their trial testimony. Id., at 3-4, 38-39. Petitioner also believes his case file records, to which he avers he has as yet not obtained full access, will reveal further evidence of ineffective assistance of trial counsel. Id., at 4, 39. Petitioner provides exhibits in

support of his averment that he has been attempting to secure his case file records from his trial counsel for over a year.  To summarize, petitioner includes correspondence/requests to his trial counsel, dating from September 2010 through April 2012, asking for his case files, as well as responses from her; he also includes a copy of a February 2011 response from the State Bar regarding his January 2011 complaint about his trial counsel's not having provided him his trial transcripts even though he had asked her in person and via motion, suggesting petitioner look to his appellate attorney for trial transcripts.  See, e.g., docket # 3, pp. 11-35, 40.  To the extent petitioner has been sent [2] boxes of his legal files, petitioner complains that he is not being allowed access to them by the arbitrary decision of the respondent warden's litigation coordinator, who has not permitted his legal mail to be received in boxes, while he/she has permitted such receipt by another inmate.  Id., at 2-4, 41-43.

   The court will recommend that a Kelly stay be granted.  The court will also direct respondent to permit petitioner access to his trial record that is the subject of this petition.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Petitioner's application to proceed in forma pauperis is granted.

   2. The Clerk of the Court is directed to assign a district judge to this case.

   3. While respondent will not be directed to file a response to the petition at this time, petitioner's motion, filed on April 18, 2012 (docket # 3), that he be allowed access to his legal records is granted and respondent must provide petitioner reasonable access to such records.

   4. The Clerk of the Court shall serve a copy of this order and *the consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* on Michael Patrick Farrell, Senior Assistant Attorney General.

   IT IS RECOMMENDED that:

   1. Petitioner's April 18, 2012 (docket # 2), request for a stay of proceedings, pursuant to Kelly v. Small, be granted;

\\\\\

      2. Upon the granting of a stay, should that occur, petitioner be directed to proceed to exhaust his state remedies forthwith; and

      3. Petitioner be further directed to inform the court, within thirty days of a decision by the state's highest court exhausting his new claims, and to request a lift of the stay as well as to file an amended petition, setting forth all of his claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2012

      /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH:009
maci1023.mtns