1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL SETH MACIEL,                      No.  2:12-cv-1023 MCE AC

12                    Petitioner,

13        v.                                  FINDINGS & RECOMMENDATIONS

14   WILLIAM KNIPP,

15                    Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion

19   to dismiss Claims One through Four of the petition as untimely.  ECF No. 41.

20        I.        Factual and Procedural Background

21        On October 8, 2009, petitioner was convicted of first degree murder and attempted first

22   degree burglary.  ECF No. 34 at 1; Lod. Doc. 1.  He was sentenced to a determinate state prison

23   term of three years and an indeterminate term of twenty-five years to life.  ECF No. 34 at 1; Lod.

24   Doc. 1.

25             A.        Direct Review

26        Petitioner appealed his conviction to the California Court of Appeal, Third Appellate

27   District.  ECF No. 34 at 2.  On October 26, 2011, that court corrected errors in the abstracts of

28   judgment and stayed the determinate sentence, but otherwise affirmed the judgment.  Lod. Doc. 2.

Petitioner then sought review of the Court of Appeal's decision in the California Supreme Court. ECF No. 34 at 2; Lod. Doc. 3. The California Supreme Court denied the petition for review on January 25, 2012. ECF No. 34 at 2; Lod. Doc. 4. Petitioner did not petition the United States Supreme Court for certiorari. ECF No. 34 at 2.

### B. State Collateral Review

Petitioner submitted a state habeas petition to the San Joaquin County Superior Court on September 15, 2013.[1] Lod. Doc. 5. The Superior Court denied the petition on December 17, 2013. Lod. Doc. 6. Petitioner then filed a petition for writ of habeas corpus to the California Court of Appeal, Third Appellate District on July 16, 2014. Lod. Doc. 7.[2] The Court of Appeal denied this petition on July 24, 2014. Lodged Doc. No. 8.

Petitioner then submitted another petition for habeas corpus to the Superior Court of San Joaquin County on March 3, 2015. Lod. Doc. 9. On May 6, 2015, the Superior Court denied this petition. Lod. Doc. 10. Petitioner submitted another petition for writ of habeas corpus to the Court of Appeal, Third Appellate District on January 5, 2016. Lod. Doc. 11. The Court of Appeal denied this petition on January 28, 2016. Lod. Doc. 12. On February 26, 2016, petitioner filed a petition for writ of habeas corpus to the California Supreme Court. Lod. Doc. 13. The California Supreme Court denied this petition on May 11, 2016. Lod. Doc. 14.

### C. Federal Petition

The original petition in this case was filed on April 5, 2012, prior to any of petitioner's applications for state habeas relief. ECF No. 1. The case was then stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and petitioner was directed to proceed to exhaust state remedies. ECF Nos. 8, 14. After the stay was lifted, he filed a first amended petition for writ of habeas corpus on October 29, 2016. ECF No. 34.

////

---

[1] For any period during which petitioner was proceeding pro se, the filing date is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

[2] Respondent appears to have inadvertently attached additional copies of petitioner's January 5 and February 26, 2016 petitions, as well as a motion for reconsideration and several state court orders, to the July 16, 2014 petition submitted as Lodged Document 7.

II.     Motion to Dismiss

Respondent moves to dismiss Claims One through Four of the petition as untimely.  ECF No. 41.  He contends that Claims One through Four do not relate back to the original petition and were brought in this court well past the expiration of the statute of limitations.  Id. at 3, 5-8.

Petitioner argues that his lack of habeas corpus practice and procedure experience allows this court to forgive his untimeliness.  ECF No. 46 at 2.  He also contends that this court's granting of a stay in this matter contributed to his lack of knowledge regarding habeas procedures.  Id.  He further claims that his petition is not untimely because Martinez v. Ryan, 566 U.S. 1 (2012), provides that ineffective assistance of counsel on appeal serves as cause to excuse his untimeliness, and that Claims One through Four do relate back to the original federal petition. Id. at 3-5.  Finally, petitioner argues that he is entitled to equitable tolling because his prison does not provide adequate legal resources and he has had to rely on jailhouse lawyers.  Id. at 5-8.

In reply, respondent argues that petitioner is not entitled to equitable tolling; that this court's stay did not contribute to his untimeliness; that he was not diligent; that Martinez does not excuse his untimeliness; that to the extent petitioner appears to argue for a later trigger date, People v. Chiu, 59 Cal. 4th 155 (Cal. 2014), does not entitle him to one because Chiu is not a United States Supreme Court decision; and that none of the claims at issue relate back to his original federal pleading.  ECF No. 49.

III.     Standards

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The statute provides four alternate trigger dates for commencement of the limitations period.  § 2244(d)(1)(A)-(D).  Most commonly, the limitations period runs from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period may be

equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). When a petitioner seeks to add newly-exhausted claims to a timely-filed federal petition after the limitations period has expired, the amendments will be considered timely if they relate back to the original petition within the meaning of Rule 15 of the Federal Rules of Civil Procedure. Mayle v. Felix, 545 U.S. 644 (2005).

IV.     Analysis

A.  The 2012 Federal Petition Was Timely

Petitioner sought direct review of his conviction by the California Supreme Court, and his petition for review was denied on January 25, 2012. Lod. Doc. 4. Petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (ECF No. 34 at 2), which means his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on April 24, 2012, and the AEDPA's one-year clock began to run the next day. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Accordingly, petitioner had until April 24, 2013, to file a federal habeas corpus petition.

The original federal petition was filed on April 5, 2012, and was therefore timely. This petition contained only the two claims that had been presented to the California Supreme Court on direct review, ECF No. 1, which are Claims Five and Six of the amended petition. There is no dispute regarding the timeliness of these claims.

Since Claims One through Four were presented to this court for the first time in the amended petition, which was filed October 29, 2016, they are not timely unless they are entitled to an alternate trigger date for the statute of limitations, or they relate back to the original petition,

or petitioner is entitled to tolling.

B. No Alternative "Trigger Date" Applies To Claim One

The date on which a conviction becomes final is not the only date that can trigger the statute of limitations. Section 2244 also provides that the one-year period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Although it is not entirely clear, it appears that petitioner may be attempting to rely on the decision in People v. Chiu, 59 Cal. 4th 155 (2014), for a latter commencement of the limitations period for Claim One.[3] ECF No. 46 at 4. However, Chiu does not create a new rule of constitutional law that can support a later start date, because it is a decision of the California Supreme Court and not the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C) applies only to decisions by the United States Supreme Court, and the decision in Chiu does not fall within its scope. Escalante v. Beard, No. 3:15-cv-02514-JAH-NLS, 2016 WL 4742322, at *4, 2016 U.S. Dist. LEXIS 123440, at *11 (S.D. Cal. June 2, 2016) ("Chiu was a state supreme court decision that analyzed California state law, and the alternate start date under the AEDPA only applies to rights newly recognized by the United State Supreme Court that have been made retroactively applicable." (citing Dodd v. United States, 545 U.S. 353, 357 (2005))), adopted in full, 2016 WL 4729579, 2016 U.S. Dist. LEXIS 123447 (S.D. Cal. Sept. 12, 2016).

Accordingly, the statute of limitations for Claim One began to run when petitioner's conviction became final in 2012. Claim One is therefore timely only if it relates back to the original petition or is entitled to equitable tolling.

C. Claims One Through Four Do Not Relate Back To The 2012 Petition

1. Relation Back Principles

Because Claims One through Four were first presented to this court in the amended

---

[3] In Chiu, the California Supreme Court rejected the "natural and probable consequence" doctrine and held that aider and abettor liability for first degree premeditated murder is limited to direct aiding and abetting principles.

petition, which was not filed until October 29, 2016, those claims are timely only if they relate back to the claims in the original federal petition. Mayle, 545 U.S. at 655. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. In order for claims to relate back, they must be "tied to a common core of operative facts." Id. at 664. Simply arising out of the same "trial, conviction, or sentence" is insufficient. Id. (citation omitted).

The original federal petition set forth two grounds for relief. ECF No. 1 at 6. The first argued that the jury instructions on burglary, theft, and felony-murder erroneously failed to educate the jury on the law concerning "alleged burglary of one's own premises, alleged theft of jointly-owned property, and the 'natural and probable consequences' doctrine." Id. 1 at 11,19. Petitioner further alleged ineffective assistance of counsel at trial for failing to correct the deficient jury instructions. Id. at 11, 30.

## 2. Claim One Does Not Relate Back

In Claim One, petitioner contends that he is entitled to habeas relief because the California Supreme Court's decision in People v. Chiu, supra, rejected "'aider and abettor liability for first degree murder under the natural and probable consequences doctrine,'" thereby invalidating his conviction for first degree premeditated murder with malice aforethought. ECF No. 34 at 13 (quoting Chiu, 59 Cal. 4th at 166). A change in law that occurred in 2014, when Chui was decided, cannot relate back to claims presented in 2012 about errors at a 2011 trial. This new ground for relief differs markedly in both time and type from those in the original petition.

To the extent this claim requires evaluation of the instructions given to petitioner's jury, its predicate is still distinct from that of the timely-filed jury instruction claim. The original petition specifically challenged the instructions on direct aiding and abetting liability, burglary, theft, and felony-murder.[4] ECF No. 1 at 19-29. It did not challenge any instructions for aiding and abetting based on the natural and probable consequences doctrine. Id. Indeed, no such

---

[4] The court notes that Chui expressly stated that its holding did not affect accomplice liability based on direct aiding and abetting principles or the felony-murder rule. Chiu, 59 Cal. 4th at 166.

instruction was given at petitioner's trial.[5]  See ECF No. 34 at 43-118.  Nor did the original

petition challenge the instruction for murder with malice aforethought.  ECF No. 1 at 19-29.

For these reasons, Claim One does not relate back to the original pleading and is untimely.

### 3.  Claims Two and Three Do Not Relate Back

Claims Two and Three challenge, respectively, the sufficiency of the evidence to support

petitioner's conviction, and appellate counsel's failure to contest the sufficiency of the evidence.

ECF No. 34 at 14-22.  The facts underlying these claims are separated in time and different in

type from the facts underlying petitioner's original claims.

As already discussed, petitioner's originally-presented claims deal with (1) the sufficiency

of five specific jury instructions and (2) the failure of trial counsel to ensure that the jury was

properly instructed.  Petitioner's new challenge to the sufficiency of the evidence requires direct

evaluation of the evidence presented at trial, as a whole, rather than the jury instructions.  The

newly alleged ineffective assistance of counsel occurred on appeal, not during trial.  Accordingly,

Claims Two and Three arise from a different set of operative facts and do not relate back to the

2012 petition.  See Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that claims

were based upon "at least two discrete occurrences" and "depend[ed] upon separate transactions

and d[id] not share a common core of operative fact" when they were based on "the admission of

evidence during trial and the instructions charged to the jury after the close of evidence").

### 4.  Claim Four Does Not Relate Back

In his fourth and final new claim, petitioner asserts that trial counsel was ineffective

because she failed to challenge the sufficiency of the evidence at trial, and to move for a new trial

on the basis of insufficient evidence.  ECF No. 34 at 23-26.  Although the original complaint

---

[5]  To the extent petitioner appears to argue that the reference to "natural consequences" in the instruction for murder with malice aforethought (CALCRIM 520) is invalid after Chiu (ECF No. 34 at 13, 82), his claim is without merit because the instruction did not address petitioner's culpability as an aider and abettor, but instead addressed his direct culpability.  Berry-Vierwinden v. McDowell, No. ED CV 15-23-R (PLA), 2016 WL 3556625, at *36, 2016 U.S. Dist. LEXIS 84860, at *110-11 (C.D. Cal. Apr. 26), adopted in full, 2016 WL 3563283, 2016 U.S. Dist. LEXIS 84846 (June 27, 2016), certificate of appealability denied, 2017 WL 3976644, 2017 U.S. App. LEXIS 17729 (9th Cir. June 12, 2017).

contained a claim for ineffective assistance of trial counsel, it was based on different alleged errors and omissions and thus a distinct factual predicate. The original claim involves counsel's failure to address certain alleged deficiencies with the jury instructions. Those facts are unrelated to counsel's performance regarding the sufficiency of evidence during or after trial. It is not enough that both claims arise from issues at the same trial, as that would mean "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims." Mayle, 545 U.S. at 657.

The fact that both claims allege ineffective assistance of trial counsel is not sufficient to support relation back. United States v. Maruland, 226 F. App'x 709, 710-11 (9th Cir. 2007) (claim that trial counsel was ineffective for referring to previous trial on same charge did not relate back to claims that counsel was ineffective for "insulting the judge, failing to object to the jury selection process, failing to inform [defendant] of his right to testify, and failing to object to the government's use of word 'Columbian' at trial"); see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance." (citations omitted). Accordingly, Claim Four does not relate back and is untimely.

## D. Claims One Through Four Are Not Entitled To Tolling

Petitioner seeks equitable tolling to save his otherwise time-barred claims. Petitioner "bears the burden of proving that the statute of limitation was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814, (9th Cir. 2002)).

### 1. Statutory Tolling Does Not Apply

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted). Nor is it tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82

(2001). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner did not file his first state habeas petition until September 15, 2013, nearly five months after the federal statute of limitations expired. Accordingly, he is not entitled to statutory tolling.

### 2. Petitioner Is Not Entitled To Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649; Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).

### a. Circumstances Common To Prisoners

"[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Martinez v. Ryan, 133 F. App'x 382, 382-83 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances); cf. Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause to overcome procedural default).

Petitioner asserts that he is entitled to equitable tolling because he had access only to a law library and jailhouse lawyers rather than "trained legal staff." ECF No 46 at 5-7. However, reliance on jailhouse lawyers, inadequate understanding of the law, and the absence of resources

9

greater than a law library do not rise to the standard of extraordinary circumstances necessary for a court to grant equitable tolling. Rasberry, 448 F.3d at 1154; Chaffer v. Prosper, 592 F.3d 1046, 1049 (2010) ("prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy" to work on petition not extraordinary circumstances); Martinez, 133 F. App'x at 382-83. The circumstances petitioner faced are not extraordinary, but instead are ordinary incidents of prison life experienced by most prisoners. As extraordinary circumstances are not established, the undersigned does not reach the question of diligence and petitioner's claim that he is entitled to equitable tolling fails.

b. Court Error

Petitioner argues this this court "contributed to the Petitioner's lack of knowledge and or his lack of adequate assistance by entering the plainly premature motion for stay and abeyance." ECF No. 46 at 2. It is unclear why petitioner believes that his motion for stay was "plainly premature." Since the federal petition was filed together with the motion for stay, the court's options were to deny the stay and proceed on the petition or grant the stay and allow petitioner to exhaust his then unexhausted claims. It appears that petitioner may believe that instead of granting or denying his motion, the court should have counseled him on the potential difficulties in relating his unexhausted claims to the original complaint or directed him to file a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 34 at 9-10. However, judges "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004).

Moreover, petitioner's motion explicitly stated that he was seeking a stay under Kelly v. Small, supra, because his petition was fully exhausted. ECF No. 2 at 1-2. The motion further explained that petitioner was not required to show good cause for a stay because he was not seeking to stay a mixed petition under Rhines. Id. at 2. Petitioner thus demonstrated that he was aware of the availability of a Rhines stay and had made a reasoned decision not to pursue one. Furthermore, in recommending the stay be granted, this court advised that "under the Kelly procedure, petitioner would only be able to proceed on any newly exhausted claims in an amended federal petition upon state court exhaustion if those claims were determined to be

10

timely." ECF No. 8 at 2 (citing King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009)).

Petitioner's motion clearly identified which stay procedure he was invoking and why, and the court advised him that upon filing his amended petition his new claims would be subject to scrutiny for timeliness. There is no basis for petitioner's claim that the court should have questioned his chosen path or counseled him on its wisdom. Therefore, the court was not obligated to inform petitioner of how to proceed, nor was the stay of proceedings improper. Accordingly, nothing about the procedural history of the case supports equitable tolling or otherwise provides for relief from untimeliness.

E. *Martinez v. Ryan* Does Not Save Petitioner's Ineffective Assistance of Counsel Claims

Petitioner contends that Martinez v. Ryan, 566 U.S. 1 (2012), saves his otherwise untimely claims that his previous counsel provided representation that violated constitutional minima. ECF No. 46 at 3-5. In Martinez, the United States Supreme Court held that, under the post-conviction procedures of Arizona, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9. The Court thus created a narrow exception to the rule that ineffective assistance of counsel on collateral review does not establish cause to excuse a procedural default.

Timeliness and procedural default are distinct issues. "[T]he equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations omitted); Price v. Paramo, No. 2:13-cv-2449 WBS DAD, 2014 WL 5486621, at *3, 2014 U.S. Dist. LEXIS 153604, at *7-9 (E.D. Cal. Oct. 29, 2014) (collecting California District Court cases holding same), adopted in full, Dec. 4, 2014. Accordingly, Martinez has no applicability to the timeliness of petitioner's late-exhausted claims.

////

////

V.     Conclusion

For all the reasons set forth above, Claims One through Four are untimely and must be dismissed.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

You had a year after your conviction became final to file all your federal habeas claims. The petition that you filed in 2012 was timely. However, the additional claims that you added in your amended petition, Claims One through Four, were exhausted in state court and added to this case after the deadline had passed. The court has considered and rejected your timeliness arguments.

Because it is a state court case, People v. Chiu did not create a change in federal law that would give you a later start date for the federal statute of limitations. The fact that you did not have an attorney and had to rely on the law library and other prisoners to file your habeas petitions is a circumstance common to most prisoners, and does not support equitable tolling. Your new claims do not "relate back" to the original petition because they are not based on the same facts as your original claims. The court's grant of your motion to stay did not cause your amended petition to be untimely. You clearly told the court what kind of stay you wanted and why, and it was not appropriate or required for the court to give you legal advice on the best way to proceed. Finally, Martinez v. Ryan only helps overcome the effect of procedural defaults that occurred in state court, it does not make federal petitions timely.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 41) be GRANTED and Claims One through Four of the amended petition be dismissed as untimely.

2. If these findings and recommendations are adopted by the District Judge, respondent be directed to answer Claims Five and Six of the amended petition within sixty days. The answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254. Petitioner may file a reply within thirty days of service of the answer.

////

12

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE